## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

IN RE:

MARK A. MULLINS,                                    CASE NO.: 05-50484-LMK

   Debtor.                                             CHAPTER:  7

_____/

### MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO AVOID LIEN

THIS MATTER is before the Court on the Debtor's Motion to Avoid Lien, filed September 15, 2006 (Doc. 154), and related Memorandum of Law, filed January 24, 2007 (Doc. 213).  In his original motion, the Debtor attempted to avoid the restitution lien held by the United States ("Government") under 11 U.S.C. § 522(f) (2005).  When this argument was rejected in open court at the hearing held on December 20, 2006, the Debtor raised two additional arguments.  First, the Debtor asserted that the lien was invalid as a violation of the automatic stay; second, the Debtor asserted that the lien was invalid because the Government failed to file the notice of lien in compliance with state law recording requirements.  The Court allowed the Debtor additional time to file supporting written legal argument on these issues.  The related Memorandum filed by the Debtor argues only that the Government's lien is invalid because the form and content of the notice of lien failed to comply with Florida state law.  Therefore, the only issue for this Court is whether the federal Government must comply with state law formal requirements when filing a notice of federal restitution lien.  This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 151 and 157(b)(2)(K) (2005).

### *Findings of Fact*

The Debtor was indicted for mail fraud and possession of unregistered firearms on February 16, 2005, and he pled guilty to these charges on June 8, 2005.  On June 27, 2005, he filed his

Chapter 11 petition.  The criminal judgment that was entered against him by the United States District Court for the Northern District Florida in Case No. 5:05-cr-00005-MCR on August 8, 2005 requires the Debtor to pay $145,013.53 in restitution to the victims.  The Government filed a notice of the lien arising from the restitution order in the public records of Bay County, Florida, where the property is located.

The Debtor asserts that the Government's notice of lien is fatally defective because it does not comply with the Florida Enforcement of Foreign Judgments Act, a recording statute.  Fla. Stat. § 55.501 (2005), *et seq.*  In particular, the Debtor alleges that the Government failed to file an affidavit setting forth the name, address, and social security number of the judgment creditor and judgment debtor at the time the lien was recorded.  *See* Fla. Stat. § 55.505.  It is also alleged that the clerk failed to mail the required notice of the recording to the Debtor.  *See id.*  The Debtor has not suggested that the Government failed to file a notice of lien in the appropriate state office or that the form and content of such notice failed to comply with the formal require-ments promulgated by the United States Secretary of the Treasury as required by 26 U.S.C. § 6323(f).  Rather, the Debtor contends that the Government must comply with state law formal filing requirements when perfecting a restitution lien arising under federal law.  The Government has responded in opposition to the Debtor's motion (Docs. 169 and 214).

### *Conclusions of Law*

According to the Mandatory Victims Restitution Act of 1996 ("MVRA"), the liability arising from an order of restitution is treated as if it were a tax liability, the notice of lien is to be filed in the same manner as a tax lien, and the notice of lien is considered a notice of lien for taxes for purposes of state law.  18 U.S.C. §§ 3613(c) and (d) (2005).[1]  Once the notice of lien is filed "in

---

[1] "A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, or an order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United

the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986, the lien shall be valid . . . ." 18 U.S.C. § 3613(d) (2005). The clear import of § 3613 is to put liens arising from orders of restitution on the same procedural footing as federal tax liens and to ensure that such liens are not avoided in bankruptcy.

Nonetheless, the Debtor points to language in § 3613(d) which states that "[a] notice of lien that is registered, recorded, docketed, or indexed in accordance with the rules and requirements relating to judgments of the courts of the State where the notice of lien is registered, recorded, docketed, or indexed shall be considered for all purposes as the filing prescribed by this section." Based on this language, the Debtor contends that, notwithstanding the rest § 3613, the lien is invalid because the Government failed to comply with the formal requirements of the Florida Enforcement of Foreign Judgments Act, such as filing an affidavit with the notice of lien.

The language quoted and emphasized by the Debtor is merely one of two methods by which the federal Government may successfully perfect its restitution lien. The Government may instead file a notice of restitution lien in the same manner as a notice of tax lien. 18 U.S.C. § 3613(d). Thus, § 3613(d) provides two alternatives for perfecting a restitution lien: filing the notice in the manner in which the Government would file a notice of lien for taxes; or, recording in compliance with state law. Consequently, the Government may perfect its restitution lien by filing a notice of lien in the same procedural manner in which it would file a notice of tax lien if

---

States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." 18 U.S.C. § 3613(c) (2005).

"Upon filing of a notice of lien in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986, the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor, except with respect to properties or transactions specified in subsection (b), (c), or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of tax lien properly filed on the same date would not be valid. The notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law providing for the filing of a notice of a tax lien. A notice of lien that is registered, recorded, docketed, or indexed in accordance with the rules and requirements relating to judgments of the courts of the State where the notice of lien is registered, recorded, docketed, or indexed shall be considered for all purposes as the filing prescribed by this section. The provisions of section 3201(e) of chapter 176 of title 28 shall apply to liens filed as prescribed by this section." 18 U.S.C. § 3613(d) (2005).

it so chooses. *See U.S. v. Novak*, 2007 WL 528717, *33 (9th Cir. 2007) (holding that the MVRA authorized the Government to garnish even ERISA retirement plan benefits in order to satisfy orders of restitution, with the dissent agreeing that "tax lien **procedures** are applicable to enforce restitution orders" (emphasis in original)); *United States v. Brosseau*, 446 F.Supp.2d 659, 661-62 (N.D. Tex. 2006) (characterizing a lien arising from a criminal judgment and restitution order as a "tax-type lien" and concluding that the "the Government perfected its lien against [the] property when it filed its notice of lien with the [local clerk's office]"); *see also U.S. v. Kaczynski*, 416 F.3d 971, 974 n.5 (9th Cir. 2005) (stating "the magistrate judge correctly noted that a restitution lien is treated as if it were a federal tax lien" under 18 U.S.C. § 3613(c)).

The text and structure of 18 U.S.C. § 3613 and 26 U.S.C. § 6323(f) compel the conclusion that the Government may file a notice of restitution lien as it would file a notice of tax lien; that is, by filing the notice of lien in the appropriate state office in accordance with the formal requirements announced by the United States Secretary of the Treasury. Though it is not explicitly enumerated in 18 U.S.C. § 3613, 26 U.S.C. § 6323(f)(3) provides the form and content of a notice of lien for taxes, and therefore "the manner in which a notice of tax lien would be filed" can be determined only by reading 26 U.S.C. § 6323(f) as a whole. *See generally Erlenbaugh v. U.S.*, 409 U.S. 239, 243-45 (1972) (explaining that, because the separate sections of a single statute are *in pari materia*, they should be construed together). Congress mandated only that the notice of lien be filed in the appropriate state office; it did not cede the authority to dictate the form and content of such notice to the several states. The uniformity of filing requirements that the MVRA sought to achieve can be attained only by so holding.

Furthermore, the MVRA is federal law, and any conflicting state law recording requirement is preempted by virtue of the Supremacy Clause of the United States Constitution. U.S. Const. art. VI; *see Perez v. Campbell*, 402 U.S. 637, 652 (1971) (stating that "any state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy

Clause").  Section 3613 would be eviscerated if state law recording requirements were binding on the federal Government when it files notices of liens arising from restitution orders.  Federal courts have long rejected the notion that the form and content of federal notices of liens for taxes are subject to state law.  *United States v. Union Cent. Life Ins. Co.,* 368 U.S. 291, 294 (1961); *TKB International, Inc. v. United States,* 995 F.2d 1460, 1464 (9th Cir. 1993); *U.S. v. Goltz*, 2006 WL 2827261 (W.D. Tex. 2006).  Similarly, the form and content of federal notices of liens for restitution are not dictated by state law.

Finally, even if the Debtor were correct that the Government's notice of lien is fatally defective for noncompliance with the Florida Enforcement of Foreign Judgments Act, he has not produced any evidence that the Clerk of the Court for the Fourteenth Judicial Circuit, in and for Bay County,  in fact failed to provide the required notice to him.

### *Conclusion*

The lien arising from a federal restitution order may be perfected in the same manner as a federal tax lien.  In this case, the notice of the lien was filed in same the manner federal law requires a notice of federal tax lien to be filed under 26 U.S.C. § 6323(f); therefore, it is valid according to 18 U.S.C. §§ 3613(c) and (d).

A separate order will be entered consistent with this opinion.

DONE and ORDERED in Tallahassee, Florida this <u>27th</u> day of March, 2007.

LEWIS M. KILLIAN, JR.
Chief United States Bankruptcy Judge

cc:  All parties in interest